**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CASTOR QUINTAIR GONZELEZ,** | : | |
| | : | |
| **Petitioner** | : | |
| | : | **CIVIL NO. 3:CV-13-2716** |
| **v.** | : | |
| | : | **(Judge Caputo)** |
| **WARDEN DONNA ZICKENFOOSE,** | : | |
| | : | |
| **Respondent** | : | |

# M E M O R A N D U M

## I.    Introduction

Castor Gonzalez,[1] an inmate at USP Allenwood, in White Deer,
Pennsylvania, filed a *pro se* petition for a writ of habeas corpus pursuant to 28
U.S.C. § 2241 on November 4, 2013.  Mr. Gonzalez claims the Federal Bureau of
Prisons (BOP) denied him due process in connection with a disciplinary proceeding.
(Doc. 1, Pet.)  Mr. Gonzalez proceeds *in forma pauperis* in this matter.

For the reasons that follow, the Court will deny the Petition.


## II.    Standard of Review

28 U.S.C. § 2241 "confers habeas jurisdiction to hear the petition of a federal
prisoner who is challenging not the validity but the execution of his sentence."

*McGee v. Martinez*, 627 F.3d 933, 935 (3d Cir. 2010)(quoting *Coady v. Vaughn*, 251

---

[1]  In his initial filing, Petitioner typed his name as "Castor Quintair Gonzelez."
However, in the Bureau of Prison's (the BOP's) records, his name is listed as "Castor
Quintair Gonzalez".

F.3d 480, 485 (3d Cir. 2001) and citing *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005)).  In *McGee*, the Third Circuit Court of Appeals instructed that "the question to be asked is whether granting the petition would 'necessarily imply' a change to the fact, duration, or execution of the petitioner's sentence."  627 F.3d at 936.  It is well established that a challenge to a disciplinary action that resulted in the loss of good time credits is actionable under § 2241 because it affects the duration of the petitioner's sentence.  *Queen v. Miner*, 530 F.3d 253, 254 n. 2 (3d Cir. 2008)(per curiam)(citations omitted).

## III.    Background

Sometime prior to March 18, 2013, Mr. Gonzalez was transferred from USP Hazelton to USP Allenwood.  (Doc. 1, Pet.)  Prior to his transfer to USP Allenwood, Mr. Gonzalez was housed in USP Hazelton's Special Housing Unit (SHU).  (Doc. 7, Traverse, ECF pp. 2-3.)  When placed in the SHU, prison staff packed his personal property from his cell, and his Hobby Craft locker, outside of his presence.  (*Id.*) In his Hobby Craft locker, Mr. Gonzalez had a book in which he kept a 2-inch shipping tape dispenser blade that he had retrieved from the garbage.  (Doc. 1, Pet.)  Mr. Gonzalez used the blade to craft various works of art.  (*Id.*) Mr. Gonzalez used this blade in the Hobby Craft Room at USP Hazleton without incident or receipt of a misconduct.  (Doc. 7, ECF p. 3.)

On March 18, 2013, upon his transfer to USP Allenwood, an x-ray of Mr. Gonzalez's property revealed a metal object about 2-inches long with a serated edge. (Doc. 6-1, ECF p. 28.)  When Mr. Gonzalez, who speaks little English, was

asked by a Spanish speaking officer about the item, he "stated that someone must have placed it there, and that he uses it to cut out cardboard for his hobby craft items." (*Id.*, ECF p. 28.)  It was determined that the metal object "is from a shipping tape dispenser" which are considered "controlled tool" at USP Allenwood.  (*Id.*, ECF p. 27.)

On March 20, 2013, Mr. Gonzalez, was issued incident report number 2422274 charging him with Possession, Manufacture, or Introduction of a Hazardous Tool in violation of Code 108.  (*Id.*, ECF p. 15.)   The Unit Discipline Committee (UDC) hearing was conducted on March 22, 2013.  (*Id.*, ECF p. 16.)  At that time Mr. Gonzalez stated that he understood his rights as advised by the UDC. (*Id.*)  He also stated that he had "that at my last institution" and that he "used it with hobby craft projects." (*Id.*)  Due to the severity of the alleged misconduct, the UDC referred the incident report to the Disciplinary Hearing Officer (DHO) for final resolution.  The UDC recommended the following sanctions to the DHO: 60 days Disciplinary Segregation; 6 months loss of phone and commissary privileges; and loss of Good Conduct Time (GCT).  (*Id.*)  Mr. Gonzalez was then issued a copy of Notice of Discipline Hearing Before the DHO and Inmate Rights at Disciplinary Hearing form.  (*Id.*, ECF pp. 19 and 21.)

A DHO disciplinary hearing was held on April 16, 2013, before DHO Cerney. (*Id.*, ECF pp. 23-25.)  At the commencement of the hearing, with the assistance of an interpreter, Mr. Gonzalez was again advised of his rights before the DHO and acknowledged that he understood them.  (*Id.*, ECF p. 23.)  Although Mr. Gonzalez

had previously requested the assistance of a staff representative at the hearing, he later waived representation after his chosen representative was unavailable in lieu of selecting another representative or postponing the hearing.  (*Id.*, ECF pp. 21 and 23.)  Mr. Gonzalez indicated he did not wish to present witness testimony or present documentary evidence at the DHO hearing.  (*Id.*, ECF p. 21 and 23.)

Mr. Gonzalez, through an interpreter, indicated that the 2 inch piece of metal found in the book was his and that he used it to craft art projects.  (*Id.*, ECF p. 23.)  He also expressed that "he obtained the item at USP Hazelton as it was discarded in a tape cutter from Recreation.  Finally, Gonzalez stated he had no intention of doing anything wrong."  (*Id.*)

Upon consideration of the evidence, the DHO determined that Mr. Gonzalez had committed the prohibited act of Possession, Manufacture, or Introduction of a Hazardous Tool, in violation of Code 108.  (*Id.*, ECF p. 25.)  In reaching this decision the DHO relied upon staff reports related to the discovery of the piece of metal in his property, as well as Mr. Gonzalez's own hearing testimony.  (*Id.*, ECF pp. 24-25 and 28).  He also relied on a memo written by the institution's Central Tool Room Officer who noted that the object in question "was made of hardened spring steel w/teeth.  This blade is capable of cutting metal.  This blade is from a shipping tape dispenser.  These dispensers are a controlled tool here at U.S.P. Allenwood."  (*Id.*, ECF p. 27.)  The DHO imposed the following sanctions: (1) 30 days Disciplinary Segregation; (2) 3 months loss of commissary privileges; (3) 3 months loss of email privileges; and (4) 3 months loss of visitation privileges.  (*Id.*, ECF p. 25.)  The DHO did not sanction Mr. Gonzalez to any loss of GCT.  (*Id.*)

-4-

**IV.     Discussion**

Mr. Gonzalez fails to make a cognizable due process claim as the disciplinary sanctions he received do not implicate any liberty interest that is protected by the Due Process Clause.  *See Deen-Mitchell v. Bledsoe*, No. 12-3925, 2013 WL 6284434, *2 (3d Cir. 2013)(non-precedential)(citing *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002))(affirming dismissal of habeas petition where disciplinary sanctions did not result in the loss of good conduct time).  To invoke the Due Process Clause, Petitioner must first identify a liberty interest that has been violated. *Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S.Ct. 2384, 2393, 162 L.Ed.2d 174, 189 (2005).  Prisoners are entitled to due-process protection only when the disciplinary action results in the loss of good-conduct time or when a penalty "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995).

In the present Petition, Mr. Gonzalez does not allege he lost any good-time credits.  The copy of the DHO's Report (Doc. 6-1, ECF pp. 23-25) confirms that he did not lose any good-time conduct.  His disciplinary infractions resulted only in a temporary change in his security level (his placement in disciplinary segregation), and the temporary loss of commissary, visitation and email privileges, none of which implicate a protected liberty interest as they do not result in any atypical or significant hardships in relation to the ordinary incidents of prison life.  *See*, e.g. *Gray v. Holt*, No. 1:11-CV-1278, 2011 WL 4738118 (M.D. Pa. Oct. 6, 2011)*; Santos*

*v. Bureau of Prisons*, No. 1:05-cv-008, 2006 WL 709509, at *3 (M.D. Pa. Mar. 20, 2006)(citing *Sandin*, 515 at 484, 115 S.Ct. at 2300); *Almahdi v. Bourque*, 386 F. App'x 260 (3d Cir. 2010)(temporary loss of telephone privileges); *Perry v. Lackawanna Cnty. Children & Youth Serv.*, 345 F. App'x 723, 726-27 (3d Cir. 2009)(temporary loss of visitation).  Accordingly, the outcome of the disciplinary hearing, which did not affect Mr. Gonzalez's good time credits, and thus they have no impact on the fact or length of his sentence or confinement, cannot be challenged under § 2241.  *See Leamer*, 288 F.3d at 540-42; *see also Castillo v. FBOP FCI Fort Dix*, 221 F. App'x 172 (3d Cir. 2007).   To the extent that Mr. Gonzalez challenges that the sanctions imposed, impact his ability to participate in rehabilitative programming and thus may affect his chances at parole, this claim is also not cognizable under § 2241.  *See McGee v. Martinez*, 627 F.3d 933, 936 (3d Cir. 2010)("the fact that a civil rights claim is filed by a prisoner rather than by an unincarcerated individual does not turn a § 1983 case or a *Bivens* action into a habeas petition ... even where the complained-of condition of confinement creates, as a secondary effect, the possibility that the plaintiff will serve a longer prison term than that to which he would otherwise have been subject.").

        Accordingly, the instant Petition will be dismissed.


                                 /s/ A. Richard Caputo
                                 **A. RICHARD CAPUTO**
                                 **United States District Judge**


**Date:  January 23  , 2014**